PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $37,000.00 IN U.S. CURRENCY,<br><br>　　　　Defendant. | 2:20-MC-00281-KJM-KJN<br><br>STIPULATION AND ORDER EXTENDING TIME FOR FILING A COMPLAINT FOR FORFEITURE AND/OR TO OBTAIN AN INDICTMENT ALLEGING FORFEITURE |

　　　The United States and potential claimant Hong Tran ("claimant"), by and through his counsel, submit the following Stipulation and Order pursuant to the Court's prior order in this case.  The seizure forming the basis for this matter took place slightly more than one year ago and the parties acknowledge the previous extensions given the COVID-19 pandemic.  In recent weeks, the parties have engaged in settlement negotiations concerning the seizures and expect to reach a resolution shortly.

**Good Cause**

　　　The seizure in this case stems from a postal interdiction operation at the West Sacramento Postal Distribution Center in West Sacramento, California which resulted in the seizure of currency from the potential claimant.  The potential claimant was the intended recipient of a priority express parcel mailed from Panama City, Florida to Galt, California.  While the parcel was at the Distribution Center on June 24, 2020, it was presented to a dog trained to detect the odor of narcotics on packages.  The drug dog positively alerted to the presence of the odor of narcotics on the parcel sent from Panama City, Florida to Galt,

California. After obtaining consent from the recipient, an individual living outside the state of California, law enforcement opened the parcel and discovered cash totaling $37,000.00—the defendant currency.

Once the claim was referred to the USAO in Sacramento, the matter was assigned to an investigative team who initiated research into the underlying facts and the individuals involved, most of whom lived on the East Coast. This investigative team has continued to work with lawyers at the USAO's office and others, such as postal agents, tasked with investigating similar matters. Accordingly, the United States has committed substantial resources and time reviewing the claim, investigative reports, and other records in this case, including criminal histories and employment reports. Further, discussions to resolve evidentiary inquiries and settlement movement require coordination and layers of conversation.

Lastly, the seizure in this case took place during the COVID-19 pandemic on June 24, 2020 and was referred to the U.S. Attorney's Office on September 22, 2020. Offices have been closed and all discussions, negotiations, and approval conferences have occurred remotely. Thus, the COVID-19 pandemic has had a significant impact on the timing of this case and progressing the settlement negotiations in this matter.

### **Stipulations**

1. On or about September 2, 2020, claimant filed a claim in the administrative forfeiture proceeding with the United States Postal Inspection Service ("USPIS") with respect to the Approximately $37,000.00 in U.S. Currency (hereafter "defendant currency"), which was seized on June 24, 2020.

2. The USPIS has sent the written notice of intent to forfeit required by 18 U.S.C. § 983(a)(1)(A) to all known interested parties. The time has expired for any person to file a claim to the defendant currency under 18 U.S.C. § 983(a)(2)(A)-(E), and no person other than claimant has filed a claim to the defendant currency as required by law in the administrative forfeiture proceeding.

3. Under 18 U.S.C. § 983(a)(3)(A), the United States is required to file a complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture within ninety days after a claim has been filed in the administrative forfeiture proceeding, unless the court extends the deadline for good cause shown or by agreement of the parties. That deadline was December 1, 2020.

4. By Stipulation and Order filed November 20, 2020, the parties stipulated to extend to February 1, 2021, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

5. By Stipulation and Order filed January 27, 2021, the parties stipulated to extend to March 3, 2021, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

6. By Stipulation and Order filed March 2, 2021, the parties stipulated to extend to May 3, 2021, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

7. By Stipulation and Order filed April 29, 2021, the parties stipulated to extend to July 2, 2021, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

8. By Stipulation and Order filed June 30, 2021, the parties stipulated to extend to August 2, 2021, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

9. By Stipulation and Order filed July 30, 2021, the parties stipulated to extend to September 1, 2021, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

10. As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to extend to October 1, 2021, the time in which the United States is required to file a civil complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture.

Stipulation and Order to Extend Time

11. Accordingly, the parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the defendant currency and/or to obtain an indictment alleging that the defendant currency is subject to forfeiture shall be extended to October 1, 2021.

Dated:   8/30/21

PHILLIP A. TALBERT
Acting United States Attorney

By:   /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant United States Attorney

Dated:   8/30/21

/s/ Geoffrey G. Nathan
GEOFFREY G. NATHAN
Attorney for potential claimant
Hong Tran
(Signature authorized by phone)

**IT IS SO ORDERED**.

Dated:  September 1, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE