IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>    v.<br><br>Approximately $37,000.00 in U.S. currency,<br><br>        Defendant. | 2:20-MC-00281-KJM-KJN<br><br>CONSENT JUDGMENT OF FORFEITURE |

    Pursuant to the Stipulation for Consent Judgment of Forfeiture, the court finds:

    1.    On June 24, 2020, inspectors with the United States Postal Inspection Service ("USPIS") seized Approximately $37,000.00 in U.S. Currency (hereafter "defendant currency") during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

    2.    USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about September 2, 2020, USPIS received a claim from Hong Tran ("Tran" or "claimant") asserting an ownership interest in the defendant currency.

    3.    The United States represents that it could show at a forfeiture trial that on June 24, 2020, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California. During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband. The Priority Mail Express

label # EK 917136302 US was addressed to John Tran aka Hong Tran, 9830 Kapalua Lane, Elk Grove, CA 95624, with a return address of Panhandle Wholesale, 3110 G St, PC, FL 32404.

4. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

5. The United States represents that it could further show at a forfeiture trial that on June 24, 2020, Inspectors searched a law enforcement database for the sender's name and address that appeared on the parcel. They were unable to find Panhandle Wholesale associated with the sender address. Inspection Service personnel searched law enforcement public record databases and were unable to identify John Tran as a resident of the 9830 Kapalua Lane, Elk Grove address. Trang T. Nguyen and The Tran Freeport Bait Co are receiving mail at this address. Law enforcement called and spoke to a male who stated I think so, when asked if he was John Tran. Tran stated he was expecting a parcel from Panama City, addressed to him. Tran verified his mailing address as the same on the parcel. When asked about the contents, Tran stated it is a small refrigerator and nothing else. When asked for consent to search the contents of the parcel, Tran replied he would need to check with the sender. Inspectors obtained consent from Tran to open the parcel later that day. Inside the parcel was another box which was heavily taped with packing peanuts, and a mini refrigerator which was packed with cash that also had the odor of marijuana. The cash totaled $37,000 in U.S. Currency. The currency consisted mainly of $20 bills, making up $28,080 of the $37,000 found. A denominational breakdown of the seized currency revealed 7 $10 bills, 1404 $20 bills, 67 $50 bills and 55 $100 bills. Additionally, the parcel did not contain any notes, instructions, or receipts.

6. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Hong Tran acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or

/////

action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

8. This court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the court, it is hereby ORDERED AND ADJUDGED:

1. The court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $23,000.00 of the Approximately $37,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $14,000.00 of the Approximately $37,00.00 in U.S. Currency shall be returned to claimant Hong Tran through his attorney Geoffrey G. Nathan.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimant waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: January 25, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE